# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Kelsey Zutz, Elite Push Models, LLC, and
Loren J. Zutz,

                Plaintiffs,

v.

Scottsdale Models, LLC d/b/a PUSH
Models, and Jonathan Sacks,

                Defendants.

Case No. 15-cv-2453 (MJD/TNL)

**REPORT &
RECOMMENDATION**

---

Paul A. Sortland, Sortland Law Office, 431 South 7th Street, Suite 2415, Minneapolis, MN 55415 (for Plaintiffs); and

Mark T. Berhow, Hinshaw & Culbertson LLP, 333 South 7th Street, Suite 2000, Minneapolis, MN 55402 (for Defendants).

---

This matter comes before the Court, United States Magistrate Judge Tony N. Leung, on Defendants Scottsdale Models, LLC, d/b/a PUSH Models, and Jonathan Sacks' Motion to Dismiss, (ECF No. 8), and Plaintiffs Kelsey Zutz, Elite Push Models, LLC, and Loren J. Zutz's Motion to Amend Complaint, (ECF No. 22). Defendants' motion has been referred to the undersigned for a report and recommendation to the district court, the Honorable Michael J. Davis, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1. (ECF No. 16). Based upon the record, memoranda, and proceedings herein, this Court will recommend that the motion to dismiss for lack of jurisdiction be granted and this matter be transferred to Arizona.

## I.   BACKGROUND

Plaintiff Elite Push Models, LLC[1] (hereinafter "Elite Models"), through Plaintiff Kelsey Zutz,[2] entered into a license agreement with Defendant Scottsdale Models, LLC d/b/a PUSH Models[3] (hereinafter "Scottsdale Models"), a promotional model-staffing business, on January 10, 2010. (Notice of Removal, at Ex. A, ¶¶ 6–7, 23, ECF No. 1-1) (hereinafter "State Complaint"); (Decl. of Jonathan Sacks, at ¶ 9, ECF No. 12). This agreement was for the establishment of a business primarily in Minnesota, where Kelsey Zutz would operate using the PUSH Models name and proprietary software. (State Compl., at ¶¶ 6–7; Sacks Decl., at ¶ 12). Elite Models, through Kelsey Zutz, paid Scottsdale Models a license and training fee totaling $20,000 for access to Scottsdale Models' proprietary software. (State Compl., at ¶¶ 9, 11, 26). Kelsey Zutz borrowed $20,000 from Plaintiff Loren J. Zutz.[4] (State Compl., at ¶ 11). Loren Zutz provided this money upon statements made by Defendant Jonathan Sacks that should the business not succeed, his money would be refunded by Scottsdale Models. (State Compl., at ¶ 11; Zutz Decl., at ¶¶ 16–17). The agreement contains a forum selection clause that states "any litigation between the Parties will be commenced and maintained only in the courts

---

[1] Elite Models is a limited liability corporation formed under Minnesota law. (Zutz Decl., at ¶ 1). Elite Models is owned by Kelsey Zutz with its main place of business in Minnesota. (State Compl., at ¶¶ 2, 8). Elite Models focused its business on events located within the State of Minnesota. (Zutz Decl., at ¶ 4).
[2] Kelsey Zutz, at the time of filing the lawsuit, resided in San Francisco, California. (State Compl., at ¶ 1; Zutz Decl., at ¶ 2). Kelsey Zutz was born and raised in Minnesota and still holds her Minnesota driver's license. (Zutz Decl., at ¶¶ 1–2). Kelsey Zutz considers her stay in California to be temporary. (Zutz Decl., at ¶ 2). She lived in Minnesota while operating Plaintiff Elite Models from 2010 through 2014. (Zutz Decl., at ¶ 3).
[3] Scottsdale Models is a limited liability corporation with its principal place of business located at Tempe, Arizona. (State Compl., at ¶ 4; Sacks Decl., at ¶ 8; Zutz Decl., at ¶ 13).
[4] Loren Zutz is Kelsey Zutz's father. (State Compl., at ¶ 3). While no party has expressly identified his citizenship, it appears he may have been in Minnesota at the time of the incidents underlying the complaint. (Zutz Decl., at ¶ 17).

located in Maricopa County, Arizona, and each party consents to the jurisdiction of those courts." (Sacks Decl., at Ex. A, ¶ 24(c); Zutz Decl., at Ex. A).

Kelsey Zutz ran Elite Models from 2010 through 2014, but all accounting, including billing and payments, was required to be routed through Scottsdale Models' offices in Tempe, Arizona. (State Compl., at ¶¶ 12, 30; Decl. of Kelsey Zutz, at ¶¶ 3, 7, 18, ECF No. 19). At some point in their dealings, Scottsdale Models stopped properly processing payments made by Elite Models' customers, causing Elite Models to lose customers and profit. (State Compl., at ¶ 13; Zutz Decl., at ¶¶ 10–11, 18–22). Elite Models claims Scottsdale Models is at least $30,000 in arrears. (State Compl., at ¶ 16). Ultimately, Kelsey Zutz was terminated from Scottsdale Models. (Zutz Decl., at ¶¶ 14, 26).

Kelsey Zutz, Elite Models, and Loren Zutz initiated suit against Scottsdale Models and Sacks in Minnesota state court on April 13, 2015. (State Compl.). Plaintiffs allege that Defendants failed to pay Elite Models for event staffing and live marketing activities, asserting various claims against Defendants under the Minnesota Franchise Act, along with common law claims of civil theft, accounting violations, and breach of contract. (State Compl.). Defendants removed Plaintiffs' Minnesota state action to federal court asserting diversity jurisdiction. (Notice of Removal, at ¶ 2, ECF No. 1). Defendants then moved to dismiss: Sacks moved to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(6), and Scottsdale Models moved to dismiss under Rule 12(b)(6) and the doctrine of *forum non conveniens*. (ECF No. 8). Plaintiffs oppose the motion. (ECF No. 18). The Court

heard oral argument on the parties' respective positions and the motion is ripe for decision. (*see* ECF No. 29).

## II.   ANALYSIS

Defendants seek to dismiss for lack of jurisdiction and improper venue, or in the alternative to dismiss under Rule 12(b)(6). To begin with, Plaintiffs have provided scant to no substantive resistance to Defendants' motion, and primarily point to a state franchise statute. Plaintiffs do little to address the legal requirements that this Court have jurisdiction over Defendants and be the proper forum to hear claims against them. Instead, Plaintiffs focus on the alternative request nestled in Defendants' motions regarding Plaintiffs' failure to state a claim. While Defendants could both waive personal jurisdiction and litigate in an inconvenient forum, they have not and this Court cannot merely ignore this. Based on the analysis below, this Court finds that (1) it lacks personal jurisdiction over Sacks and (2) Minnesota is not the proper forum for Plaintiffs' suit against Scottsdale Models.

### A.  Motion to Dismiss by Defendant Sacks

#### 1.      Legal Standard

To survive a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), a "plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts to support a reasonable inference that the defendants can be subjected to jurisdiction within the state." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011) (internal quotation and alteration omitted). While "the evidentiary showing required at the prima facie stage is

minimal, the showing must be tested, not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion." *Id.* at 592 (internal quotations and citations omitted). Additionally, where the Court does not hold an evidentiary hearing, "the court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor." *Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996); *Fastpath, Inc. v. Arbela Technologies Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 134 S.Ct. 746, 753 (2014). "This is because a federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant 'who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.'" *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014) (quoting Fed. Rule of Civ. Proc. 4(k)(1)(A)). "A federal court may assume jurisdiction over a defendant in a diversity action if the forum State's long-arm statute permits the exercise of personal jurisdiction and that exercise is consistent with the Due Process Clause of the Fourteenth Amendment." *Creative Calling Solutions, Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015); *see Walden*, 134 S.Ct. at 1121 ("The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts.") (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). Minnesota's long-arm statutes "authorize the assertion of jurisdiction over foreign corporations to the fullest extent allowed by constitutional due process." *Land-O-Nod Co. v. Bassett Furniture Industries,*

*Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983); *Guinness Import Co. v. Mark VII Distributors, Inc.*, 153 F.3d 607, 614 (8th Cir. 1998). The district court may thus assert personal jurisdiction over defendants "if the exercise of jurisdiction comports with due process." *Creative Calling Solutions*, 799 F.3d at 979.

"Due process mandates that jurisdiction be exercised only if defendant has sufficient 'minimum contacts' with the forum state, such that summoning the defendant to the forum state would not offend 'traditional notions of fair play and substantial justice.'" *Digi-Tel Holdings*, 89 F.3d at 522 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). It is "essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (citing *Int'l Shoe*, 326 U.S. at 319). Due process therefore "requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden*, 134 S.Ct. at 1123. (quoting *Burger King*, 471 U.S. at 475. The Eighth Circuit has "established a five-factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state." *Fastpath*, 760 F.3d at 821. The five factors a court considers are: "1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties." *Id*.; *Walden*, 134 S.Ct. at 1121 (The court's inquiry into "whether a forum State may assert specific jurisdiction over a

nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation. For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State.") (internal quotation and citations omitted). Courts afford "significant weight" to the first three factors. *Fastpath*, 760 F.3d at 821.

### 2.      No Jurisdiction over Defendant Jonathan Sacks

Defendant Jonathan Sacks is a resident of Arizona. (Sacks Decl., at ¶ 2; Notice of Removal, at ¶ 2(iv)). Defendant Sacks is the chief executive officer and owner of Defendant Scottsdale Models and is responsible for its day-to-day operations. (State Compl., at ¶ 5; Sacks Decl., at ¶ 8). Defendant Sacks has never lived in or visited the State of Minnesota. (Sacks Decl., at ¶ 3). Defendant Sacks does not own, use, or possess any real property within the State of Minnesota. (Sacks Decl., at ¶ 4). Nor does Defendant Sacks maintain a bank account in Minnesota. (Sacks Decl., at ¶ 5).

As alleged by Plaintiffs, Kelsey Zutz was working in Arizona for Scottsdale Models. (Zutz Decl., at ¶ 5). Sometime during Kelsey Zutz's employment in Arizona, Sacks told her about a franchise opportunity for Minnesota. (Zutz Decl., at ¶ 5). Kelsey Zutz then returned to Minnesota to discuss the franchise opportunity with her father, Loren Zutz. (Zutz Decl., at ¶ 5). Kelsey and Loren Zutz then had several discussions with Sacks about the franchise before investing $20,000 and starting the franchise. (Zutz Decl., at ¶ 5). During the operation of Elite Models, Loren Zutz and Sacks had telephone conversations to discuss Kelsey Zutz and Elite Models. (Sacks Decl., at ¶ 13; Zutz Decl., at ¶ 15).

For the first three factors of the Eighth Circuit's test, Sacks' contacts are minimal. Sacks has no monetary or property holdings in Minnesota. Sacks does not live in Minnesota. Nor has he even visited the state. Sacks' only contacts with Minnesota are through Plaintiffs. Sacks' only contacts with Kelsey Zutz, Elite Models, and Loren Zutz relate to the formation, operation, and termination of a license from the company Sacks owns and runs in Arizona. The "minimum contacts" analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 134 S.Ct. at 1122. The plaintiff "cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* Thus, "a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 1123. Furthermore, the "law is clear that a corporate officer or agent who has contact with the forum state only with regard to the performance of corporate duties does not thereby become subject to jurisdiction in his or her individual capacity." *Arkansas Rice Growers Co-op. Ass'n v. Alchemy Indus. Inc.*, 797 F.2d 565, 574 (8th Cir. 1986) (citations omitted). The first three factors do not support a finding of personal jurisdiction over Sacks because his only contacts with Minnesota are through his interactions with Plaintiffs, interactions based out of Arizona, and interactions that were in Sack's capacity as a corporate representative. These interactions are insufficient for jurisdiction over Sacks.

While factor four is neutral, factor five also does not lend support to a finding of personal jurisdiction over Sacks. Minnesota, of course, has an interest in providing a forum for its residents. But, even in the light most favorable to Plaintiffs, Sacks did not avail himself of the privilege of conducting activities within Minnesota for purposes of this personal jurisdiction analysis. It was Plaintiffs who chose to license a product from Sacks' business. Sacks was a corporate representative of Scottsdale Models and his relationship with Plaintiffs in that context forms the sole basis for his contacts with Minnesota. *Walden*, 134 S.Ct. at 1122. As a result, factor four is neutral. With respect to factor five, litigating in Minnesota would certainly be more convenient for Plaintiffs. The Court, however, cannot discount the inconvenience of hauling an Arizona resident into court in Minnesota where that resident has not availed himself of that state's benefits. *Id.* (the limits of due process on "the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties."). Based on the record before the Court, factor five favors Sacks.

In looking at all five factors, the Court concludes Sacks does not have sufficient minimum contacts with Minnesota. Summoning him into a Minnesota court would offend the traditional notions of fair play and substantial justice. *Digi-Tel Holdings*, 89 F.3d at 522. Therefore, the Court finds it lacks personal jurisdiction over Sacks. Because this Court lacks personal jurisdiction over Sacks, it declines to address the portion of Sacks' motion that seeks dismissal pursuant to Rule 12(b)(6). *See generally Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85 (1999) (without personal jurisdiction district court is powerless to proceed to adjudication).

## B.  Motion to Dismiss by Defendant Scottsdale Models

### 1.  Legal Standard

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S.CT. 568, 581 (2013). "When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. . . . In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Id.* at 583. "[I]n the presence of a forum-selection clause, questions of convenience to the parties and private interests fall away as having been conclusively determined by the contractual selection of forum." *In re Union Elec. Co.*, 787 F.3d 903, 909 (8th Cir. 2015) (citing *Atlantic Marine*, 134 S.Ct. at 581–82). The Supreme Court has "characterized the filing of suit in a non-designated forum as 'flout [ing],' or 'defying,', the parties' agreement." *In re Union Elec. Co.*, 787 F.3d at 909–10) (quoting *Atlantic Marine*, 134 S.Ct. at 581–82). As a result of this, "a district court may consider arguments about public-interest factors only." *Atlantic Marine*, 134 S.Ct. at 582. "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id.* at 581 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

## 2.        Minnesota is not the Proper Forum

The agreement between Scottsdale Models and Elite Models contains a forum selection clause that states "any litigation between the Parties will be commenced and maintained only in the courts located in Maricopa County, Arizona, and each party consents to the jurisdiction of those courts." (Sacks Decl., at Ex. A, ¶ 24(c); Zutz Decl., at Ex. A). This lawsuit, while including Kelsey Zutz, Loren Zutz, and Jonathan Sacks, ultimately relates to the rights and responsibilities of the parties to the agreement, Scottsdale Models and Elite Models, as licensor and licensee.[5]

Plaintiff offers no argument as to the invalidity of the forum selection clause, other than that the Minnesota Franchise Act renders it void. (State Compl., at ¶ 22). Minnesota Franchise Act Section 80C.21 voids provisions of agreements that "waive compliance or which has the effect of waiving compliance with any provision of sections 80C.01 to 80C.22 [the Minnesota Franchise Act] or any rule or order thereunder." There is no language in the forum selection clause which purports to waive compliance with the Minnesota Franchise Act. Instead, it provides for disputes to be resolved in Arizona. Moreover, the Eighth Circuit has ruled that "invalidating a forum selection clause because it conflicts with a statutory venue provision ignores the strong countervailing public policy in favor of holding parties to their agreements, which a court in similar circumstances has described as *the* 'dominant policy in contract cases . . . the better to

---

[5] The Court notes that the agreement is not a great example of clarity in that it is signed by "Kelsey Zutz, a Minnesota LLC" located at an address in Tempe, Arizona. The parties, however, are not disputing, for the purposes of this motion, that the contract provides a license to Elite Models from Scottsdale Models.

promote commerce.'" *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 791 (8th Cir. 2006) (emphasis in original) (citation omitted).

Kelsey Zutz, through Elite Models, signed an agreement with Scottsdale Models. That agreement provides for lawsuits to be heard in Arizona. Plaintiffs' argument under the Minnesota Franchise Act against enforcing that contractual provision is not persuasive. Moreover, for purposes of this case, there is no injustice or unreasonableness in enforcing a valid and clearly stated written forum selection clause. *See M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) ("Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching. They are enforceable unless they would actually deprive the opposing party of his fair day in court.") (citations omitted). Further, the public interest factors elucidated in *Atlantic Marine* and *Piper Aircraft* do not mandate a different result.

Because Minnesota is not the proper forum to address the claims against Scottsdale Models, the Court declines to address the portion of Scottsdale Models' motion that seeks dismissal pursuant to Rule 12(b)(6).

### C.  Transfer of the Entire Matter to Arizona is Appropriate

At the hearing on these motions, Defendants indicated that transfer to the proper venue is an alternative to outright dismissal. Under 28 U.S.C. § 1404(a), the Court "may transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice." As noted by *In re Union Elec. Co.*, "questions of convenience to the parties and private

interests fall away" with a forum selection clause. 787 F.3d at 909. The interests of justice include holding parties to their bargained-for agreement. *See id.* at 909–10 (quoting *Atlantic Marine*, 134 S.Ct. at 581–82).

Even if the Court were to entertain arguments related to the convenience of the parties, Plaintiffs have offered little to persuade the Court. Plaintiffs primarily allege accounting misconduct, which supposedly took place in Arizona, necessitating the gathering of records and witnesses located at Scottsdale Models in Arizona. The agreement, which Plaintiffs have not argued is invalid or unenforceable save for their argument that the Minnesota Franchise Act renders the forum selection clause void, provides for suits between the parties to be heard in Arizona. Therefore, the Court determines that transfer is proper to the United States District Court for the District of Arizona, Phoenix Division, because it is situated in Maricopa County.

While the Court is cognizant of the fact that the contract is between Scottsdale Models and Elite Models and/or Kelsey Zutz, the Court does not opine on the propriety of including Loren Zutz and Sacks in this dispute. Instead, the Arizona court that can properly consider the agreement at issue will be in a better position to determine which parties have rights and responsibilities stemming from said agreement. It would be improper for this Court, after determining that it lacks personal jurisdiction over Sacks and it is the improper forum for claims against Scottsdale Models, to wade into the sufficiency of the legal claims or the merits of the parties' dispute.

### D. Motion to Amend Complaint

As noted above, this Court lacks personal jurisdiction over Sacks and it is not the proper forum for litigating claims against Scottsdale Models. This matter should be heard by a court in Arizona. The receiving court will then have jurisdiction and venue, permitting it to analyze whether to grant Plaintiffs the opportunity to amend their complaint or whether the remainder of Defendants' motion to dismiss under Rule 12(b)(6) should be considered. Therefore, this Court declines to address Plaintiffs' motion to amend.[6]

## III.   RECOMMENDATION

Based on the foregoing and the record, memoranda, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants Scottsdale Models, LLC, d/b/a PUSH Models, and Jonathan Sacks' Motion to Dismiss, (ECF No. 8), be **GRANTED** and this matter be transferred to the United States District Court for the District of Arizona, Phoenix Division.

[Continued on next page.]

---

[6] The Court does note, however, that the Proposed Amended Complaint does not address or attempt to cure the deficiencies in jurisdiction or venue. Therefore, Plaintiffs' motion to amend does not affect the Court's analysis above.

2.  The Court declines to address Plaintiffs Kelsey Zutz, Elite Push Models, LLC, and Loren J. Zutz's Motion to Amend Complaint, (ECF No. 22).


Date: January 25, 2016                    _____s/ Tony N. Leung_____
                                          Tony N. Leung
                                          United States Magistrate Judge

                                          *Zutz et al. v. Scottsdale Models et al.*
                                          Case No. 15-cv-2453 (MJD/TNL)


## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.